UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **OTTO KLOS,** | ) | Case No. 1:12 CV 1425 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

This case involves claims of negligence and lack of informed consent under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), arising from medical care Plaintiff Otto Klos received at the Wade Park V.A. Medical Center (Doc. # 15). Before the Court is Defendant United States of America's Motion to Dismiss Amended Complaint ("Motion to Dismiss") (**Doc. # 18**). Defendant argues that this action is time-barred, and that Counts I and II should be dismissed for failure to provide a sum certain. For the reasons stated herein, the Motion to Dismiss is **DENIED** in part and **GRANTED** in part.

**I.**

On July 20, 2011, Plaintiff filed an administrative claim with the Department of Veterans Affairs ("V.A.") for injuries he sustained during his treatment at the Wade Park V.A. Medical Center (Doc. # 15, Ex. 2). On February 14, 2012, the V.A. denied his claim (Id. at Ex. 3).

On June 6, 2012, Plaintiff filed the Complaint against Defendant under the FTCA, 28 U.S.C. § 1346(b), alleging the following claims: negligence (Count One), lack or informed consent (Count Two), an FTCA negligence claim (Count Three), and an FTCA lack of informed consent claim (Count Four).  Plaintiff sought $2,000,000 in damages under Counts One and Two, and $5,125,000 in damages under Counts Three and Four (*Id.*).  Among the attachments to the Complaint were (1) a letter from Dr. Mark Shoag stating that the VA's ongoing prescription of NSAIDs to Plaintiff, who has been on long-term coumadin therapy for whom NSAIDs are contraindicated, fell below the minimum standard of care and could well have caused his permanent renal failure, and (2) a copy of an administrative charge (Doc. #1, Ex. 1, 2).

On August 13, 2012, Defendant filed a Motion to Dismiss, contending the Complaint was deficient for two reasons: first, because Plaintiff did not attach a proper affidavit of merit in accordance with Ohio R. Civ. P. 10(D)(2), and second, because Plaintiff failed to allege a sum certain in the administrative charge (Doc. # 12).

In apparent response to that Motion, Plaintiff filed, on August 16, 2012, a Motion for Leave to File an Amended Complaint (Doc. # 13).  On August 21, 2012, the Court granted Plaintiff's Motion and instructed Plaintiff to file an amended complaint that complies with Ohio R. Civ. P. 10(D)(2) no later than August 30, 2012 (Doc. #14).  The Court also directed further briefing on the "sum certain" question (*Id.*).

On August 27, 2012, Plaintiff filed the Amended Complaint (Doc #: 15).  Attached to the Amended Complaint are (1) an affidavit of merit which fully complies with Rule 10(D)(2) and the Court's August 21st order , and (2) a letter from the Department of Veteran Affairs acknowledging that Plaintiff filed an administrative FTCA charge on July 20, 2011 setting forth in the total amount of $1,000,000 (respectively, Doc ##: 15-2, 15-4).  Plaintiff also changed the

amount sought under Counts One and Two to $1,000,000, and the amount sought under Counts Three and Four to $1,000.000.

In short order, Defendant filed the pending Motion to Dismiss Amended Complaint (Doc #: 18.) It is undisputed that Dr. Shoag's affidavit complies with Rule 10(D)(2). Now Defendant argues that the FTCA claims are time-barred, depriving the Court of subject matter jurisdiction over the complaint. Defendant also argues that the Court lacks subject matter jurisdiction over Counts One and Two of the Amended Complaint because the administrative charge supplied by the Plaintiff alleges only $1,000,000 total.

## II.

Section 2401(b) of Title 28 of the United States Code provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. 2401(b). Defendant argues, based on this statute, that the Amended Complaint is time-barred because it was not filed until August 27, 2012, thirteen days after the statute of limitations expired (Doc. #18). Furthermore, although the original Complaint was filed within the six month time-frame, it was deficient and as such did not vest this Court with jurisdiction. (*Id.*). Therefore, the statute of limitations provided under § 2401(b) was not tolled (*Id.*). Defendant thus contends that this Court must now dismiss all of Plaintiff's claims. The Court disagrees.

First, Defendant does not cite to any case that mirrors the factual scenario presented in this case. The Defendant instead points to *Ellison v. United States*, 531 F.3d 359 (6th Cir. 2008).

In *Ellison*, the plaintiff failed to file her complaint within the six month time-frame and her case was dismissed. *Id.* This case is factually distinguishable from *Ellison*: in this case, Plaintiff timely filed the Complaint within the six month time-frame, but merely failed to include an affidavit of merit and a sum certain. This Court allowed Plaintiff to amend the Complaint to correct these deficiencies (Doc. #14). Plaintiff did correct these deficiencies (Doc. # 15). Thus the issue presented in this case is not as cut and dry as the one posed in the *Ellison* case.

Second, Defendant's argument is predicated on the assertion that Plaintiff did not have the right to remedy its deficient Complaint by an amendment under Ohio R. Civ. Pro. 10(D)(2)(e) (*Id.*). Defendant does not point to any case that states a plaintiff may not amend his timely-filed complaint to comply with the requirements of Ohio R. Civ. P. 10(D). The cases Defendant does cite do not mirror the factual scenario presented in this case. Instead, the Defendant cites to cases outside this jurisdiction that involve state laws lacking the same exception under Rule 10(D)(2)(e) that allows the filing of an affidavit of merit through an amendment. *See, e.g.*, *Scarsella v. Pollak*, 607 N.W.2d 711 (Mich. 2000). Further, the Defendant also cites cases in which complaints were dismissed only after plaintiffs were given multiple opportunities to amend their complaints prior to the expiration of the statute of limitations. *See, e.g.*, *Zappley v. Sharfenberg*, No. 2:08-cv-275, 2009 WL 2132727 at *4 (W.D. Mich. July 13, 2009); *Book v. United States*, No. 1:CV-07-1960, 2009 WL 90129 (M.D.Pa. Jan. 14, 2009).

Moreover, the issues presented in the cases cited by the Defendant never come into play in this case: this Court did not dismiss the Plaintiff's Complaint. Had this Court dismissed the original complaint, there may be a question as to whether Ohio R. Civ. P. 10(D)(2)(e) would

operate to toll or extend the six month statute of limitations under 28 U.S.C. § 2401(b). But this Court did not dismiss the Complaint because federal courts must be liberal in allowing amendments at early stages of litigation. *See, e.g., Hall v. Spencer Cnty. Kentucky*, 583 F.3d 930, 934 (6th Cir. 2009). Accordingly, Defendant's Motion to Dismiss the First Amended Complaint will not be granted on that basis.

Because this Court did not dismiss the Complaint, but instead allowed the Plaintiff to file an Amended Complaint, this Motion hinges on whether the amendments relate back to the original pleading in accordance with Fed. R. Civ. Pro. 15(c). Specifically, Fed. R. Civ. Pro. 15(c)(1)(B) provides that an amendment relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. Pro. 15(c)(1)(B).

> "Rule 15(c) is 'based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence.'"

*See Hall*, 583 F.3d at 934 (quoting *Bledsoe v. Comm. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007)). So long as the original complaint gave the defendant sufficient notice of the nature and scope of the plaintiff's claim and was filed prior to the expiration of the statute of limitations, the argument that it is time-barred will be denied. *See id.* (citing *Bledsoe v. Comm. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007); *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000)).

On June 6, 2012, prior to the expiration of the statute of limitations, Defendant was placed on notice that it was being sued for negligence and lack of informed consent under the

FTCA via the original Complaint (Doc. #1).  It was also put on notice of the factual allegations underpinning Plaintiffs claims (*Id.*).  The First Amended Complaint was for the sole purpose of correcting technical deficiencies of the original complaint, and did not assert new grounds for relief (Doc. #15).  It did not include any new factual allegations stemming from a separate transaction, but instead included an affidavit of merit and provided a sum certain, both of which arose out of the same conduct, transaction or occurrence set out in the original pleading.  *See* Fed. R. Civ. P. 15(c)(1)(B); (Doc. # 1; # 15).  Because Defendant was placed on notice of the nature and scope of Plaintiff's claim prior to the expiration of the statute of limitations, and the Amended Complaint merely clarified details of the underlying action, the First Amended Complaint relates back to the original Complaint and the statute of limitations is inapplicable.  Accordingly, Defendant's Motion to Dismiss on the basis that the statute of limitations has expired is denied.

There is, however, some confusion regarding what claims may be brought in this case.  The common law negligence and lack of informed consent claims asserted in Counts One and Two are duplicative of the FTCA claims asserted in Counts Three and Four.  The common law claims asserted in Counts One and Two are duplicative of the FTCA claims asserted in Counts Three and Four and, if taken together, allege two million dollars in damages – an amount exceeding the sum certain Plaintiff has alleged in his administrative complaint.  Furthermore, the common law torts of negligence and lack of informed consent serve only to provide the substantive law that applies to the FTCA claims, and cannot function as stand-alone counts.  As such, they are dismissed.  Because they are dismissed, the prayer for $1,000,000 properly reflects the sum certain alleged in Plaintiff's administrative charge.

### III.

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss as it relates to the statute of limitations, and **GRANTS** the Motion to Dismiss Counts One and Two of the Amended Complaint.

**IT IS SO ORDERED.**

                                          */s/ Dan A. Polster    September 28, 2012*
                                          **Dan Aaron Polster**
                                          **United States District Judge**